UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONWIDE JUDGMENT
RECOVERY, INC.,

    Plaintiff,

v.                                                  Case No. 8:21-mc-42-TPB-TGW

NHIAGAO DAVID VUE,

    Defendant.
_____/

**ORDER GRANTING MOTION FOR FINAL JUDGMENT IN GARNISHEMENT AS TO GARNISHEE FIRST NATIONAL BANK OF WAUCHULA**

This matter comes before the Court on Plaintiff Nationwide Judgment Recovery, Inc.'s "Motion for Final Judgment in Garnishment as to Garnishee First National Bank of Wauchula," filed on April 25, 2023. (Doc. 41). By the motion, Nationwide seeks entry of a judgment in garnishment against Garnishee First National Bank of Wauchula, Florida in the amount of $417.27 to assist in the satisfaction of a foreign judgment entered against Defendant Nhiagao David Vue in the District Court for the Western District of North Carolina, Charlotte Division ("WDNC"). Neither Vue nor any other party responded to the motion, and the time for doing so has lapsed. *See* Local Rule 3.01(c). Upon review of the motion, court file, and record, the Court finds as follows:

## Background

ZeekRewards operated a Ponzi scheme in 2010 and 2011, which led to thousands of individuals (the "Net Winners"), including Vue, to receive benefits at the expense of individuals who lost money because of the scheme (the "Net Losers"). In 2012, the Securities and Exchange Commission filed suit in the WDNC seeking to shut down the scheme. In that action, the court appointed a receiver, Kenneth Bell, to identify and locate Net Winners, to recover their ill-gotten gains, and to split those funds among the Net Losers. Given his charge, Receiver Bell initiated an action in the WDNC against the Net Winners and obtained class certification of those individuals. On August 14, 2017, the WDNC entered a final judgment in favor of Receiver Bell and against the class of Net Winners. Specifically, as to Vue, the WDNC entered judgment in the amount of $35,754.21, with an award of post-judgment interest. (Doc. 1-1).

Subsequently, Matthew E. Orso was appointed as successor receiver to Receiver Bell. (Doc. 1-2). After his appointment, Receiver Orso registered the judgment against Vue with the District Court for the Middle District of Florida on April 19, 2021.[1] (Doc. 1). Following both the assignment of the judgment from Receiver Orso to Nationwide and the substitution of Nationwide as Plaintiff in this action (Docs. 23-25), Nationwide moved for issuance of a writ of garnishment against First National Bank of Wauchula based on information indicating that First

---

[1] Under 28 U.S.C. § 1963, a judgment in an action for the recovery of money or property entered in any district court may be registered in another district court once the judgment has become final, and "[a] judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."

National Bank of Wauchula held possession or control of tangible assets of Vue. (Doc. 26).

The Magistrate Judge granted Nationwide's request on February 27, 2023, and, on the same day, the Clerk of Court issued a writ of garnishment to First National Bank of Wauchula, along with the required notice to Vue of his rights pursuant to § 77.041(1), *F.S.* (Docs. 28; 29). On March 2, 2023, First National Bank of Wauchula answered the Writ, identifying a checking account ending in 5280 held in the name of Vue, with an available balance of $417.27 as of March 2, 2023, the date of service of the Writ. (Doc. 32).[2] Shortly thereafter, Nationwide served Vue at his last known address with proper notice of the Writ on March 3, 2023, and with proper notice of First National Bank of Wauchula's answer to the Writ on March 7, 2023, in accordance with §§ 77.041 and 77.055, *F.S.* (Docs. 35; 36). None of the mailings were returned to Nationwide, and no one objected, filed a claim of exemption, or moved to dissolve the Writ.

As of the filing of the instant motion, the judgment against Vue remains outstanding, with interest accruing pursuant to applicable law. Accordingly, Nationwide now moves for entry of judgment in garnishment as to National Bank of Wauchula in the amount of $417.27. (Doc. 41). Nationwide argues that it provided the requisite statutory notices to Vue, Vue failed to respond to the garnishment with a claim of exemption or motion to dissolve, and Nationwide otherwise met the statutory requirements necessary for entry of a judgment in garnishment, entitling

---

[2] In its answer, First National Bank of Wauchula requested payment of the statutory fee for preparation of the answer by its counsel pursuant to § 77.28, *F.S.* (Doc. 32, at 2).

it to a final judgment in garnishment against First National Bank of Wauchula. As indicated above, neither Vue nor any other party responded in opposition to the motion.

## **Legal Standard**

A party may enforce a money judgment by a writ of execution, unless a court directs otherwise. Fed. R. Civ. P. 69(a)(1). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Florida's procedure in aid of execution governs Nationwide's motion. *PACA Trust Creditors of Worldwide ex rel. Worldwide Produce & Groceries, Inc. v. Harbour Lobster & Fish Co.*, No. 12-24288-Civ, 2015 WL 1825947, at *1 (S.D. Fla. Apr. 21, 2015). To that end, Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment and controls in this case. *Id.*

In Florida, every person or entity who has recovered a judgment in any court against any person or entity possesses a right to a writ of garnishment. § 77.01, *F.S.* Before a writ of garnishment can be issued, a plaintiff must file a motion stating the amount of the judgment. § 77.03, *F.S.* After issuance of a writ of garnishment, a plaintiff must provide the defendant with two separate notices – (1) a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, a statutorily required Notice to Defendant, within five business days after the writ is issued or three business days after the writ is

served on the garnishee, whichever is later; and (2) to the extent a garnishee answers the writ, a copy of the garnishee's answer and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. §§ 77.041(1) & (2), 77.055, *F.S.*; *see PACA Trust Creditors of Worldwide*, 2015 WL 1825947, at *2. For each notice, the plaintiff must mail the notice to the defendant's last known address and must file a certificate of service in the proceeding. §§ 77.041(2), 77.055, *F.S.*

When a plaintiff shows that the defendant was served with the statutorily required notices but failed to appear or otherwise respond to the writ of garnishment, the plaintiff meets the statutory requirements for a judgment in garnishment. *Nationwide Judgment Recovery, Inc. v. Pateau*, No. 6:21-mc-80-CEM-EJK, 2022 WL 3236732 (M.D. Fla. July 18, 2022), *report and recommendation adopted by* 2022 WL 3227185 (M.D. Fla. Aug. 10, 2022). Any judgment against the garnishee on the garnishee's answer shall be entered for the amount of the garnishee's liability, as disclosed by the answer. § 77.083, *F.S.* Notably, the judgment in garnishment may not exceed the amount remaining unpaid on the final judgment against the defendant nor exceed the amount of the liability of the garnishee to the defendant. *Id.*

## Analysis

Florida courts strictly construe garnishment statutes. *PACA Trust Creditors of Worldwide*, 2015 WL 1825947, at *1 (citing *Gigliotti Contracting N., Inc. v. Traffic Control*

*Prods. of N. Fla., Inc.*, 788 So. 2d 1013, 1016 (Fla. 2d DCA 2001)); *Bernal v. All Am. Inv. Realty, Inc.*, No. 05-60956-CIV, 2009 WL 586010, at *4 (S.D. Fla. Mar. 6, 2009) (same). Here, Nationwide demonstrated that it complied with all statutory requirements. Namely, Nationwide filed a motion stating the amount of the judgment entered against Vue in the WDNC, obtained a writ of garnishment against First National Bank of Wauchula, and provided the requisite statutory notice to Vue of both the Writ and First National Bank of Wauchula's answer. Neither Vue nor any other party objected, filed a claim of exemption, or moved to dissolve the Writ. Based on this record, therefore, Nationwide met the statutory requirements for a judgment in garnishment.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) Nationwide Judgment Recovery, Inc.'s "Motion for Final Judgment in Garnishment as to Garnishee First National Bank of Wauchula" (Doc. 41) is **GRANTED**.

2) The Clerk is directed to enter final judgment in garnishment in favor of Nationwide Judgment Recovery, Inc., and against First National Bank of Wauchula, in the amount of $417.27 held in the checking account ending in 5280, under § 77.083, *F.S.*, which shall be made payable to the attorney trust account of Nationwide's counsel.

3) First National Bank of Wauchula's request for $100 in statutory attorney's fees under § 77.28, *F.S.*, made payable by Nationwide directly to

First National Bank of Wauchula or its counsel upon demand, is **GRANTED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>9th</u> day of June, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**